SYLVAN MELLINI v. DANIEL W. DULY.

[40 South. Rep., 546.]

1. REPLEVIN. *Justice of the peace. Appeal. Separate articles. Issue in circuit court.*

    If in replevin before a justice of the peace for a schooner and several other articles of property the defendant has given bond and retained possession of all of the property sued for, and by consent the justice of the peace gives judgment for the restoration to plaintiff of the schooner alone, the defendant's appeal to the circuit court puts in issue only the rights of the parties to° the schooner.

2. WITNESS. *Party. Scope of cross-examination.*

    In a suit based on a written contract, it being claimed that the defendant could not write, he may be asked on his cross-examination as a witness if he executed the contract offered in evidence by the plaintiff and if it were not in duplicate, and, on his answering both questions in the negative, it is not violative of privileged confidence to require him to state whether or not he and his counsel had, during the trial, compared it with a copy given by him to his counsel.

FROM the circuit court of Harrison county.

HON. WILLIAM T. MCDONALD, Judge.

Duly, the appellee, was plaintiff in the court below; Mellini, the appellant, was defendant there.   From a judgment in plaintiff's favor defendant appealed to the supreme court.

The appellant, Mellini, and appellee, Duly, entered into a contract whereby the appellant agreed to sell to the appellee a schooner for the sum of $150, the agreement being that appellant was to make certain repairs on her.   The appellee was to pay for the schooner, cash in part and part in labor and material.   The appellee sued out a writ of replevin for possession of the schooner, her anchor, rigging, sails, etc., in a magistrate's court, alleging compliance with his part of the contract.   The proceedings

before the justice of the peace resulted in a judgment by consent of parties for the schooner only in favor of the appellee.    Appellant appealed to the circuit court, and executed bond, reciting what was true, that the judgment of the justice of the peace was "for the schooner, Alice P. of Biloxi, valued at $150." In the circuit court the appellee obtained a judgment for the boat, her value being assessed at $150.    On the trial in the circuit court, the defendant having claimed that he could not write and did not sign the written contract, objection was made to the action of the court in permitting plaintiff's counsel on cross-examination to ask the appellant whether or not he had signed the contract, and whether or not it was executed in duplicate, and if he and his counsel had not compared the contract offered in evidence by the plaintiff with the copy in his possession just before the trial.

*Barber & Mize,* for appellant.

The court below comitted grievous error in compelling appellant to disclose what transpired between him and his attorneys, because appellant testified he could neither read nor write, and did not sign the contract in question, and did not authorize any one else to sign for him.    Yet, in the face of this, the court compelled him to testify as to whether or not he compared the purported written contract with an alleged copy in the hands of his attorneys, and also compelled him to say whether or not he compared the purported contract with one he "had there the evening before—a duplicate"—and also compelled him to say whether or not he heard one of his counsel read the purported contract to another of them and compare it with the alleged duplicate during the trial of the case.

Such evidence was immaterial and irrelevant, even though the plaintiff had been able to read and write.    But, being unable to read and write, as the testimony shows, how could he know whether the alleged contract, in duplicate, was in the hands of

his attorneys, or how could he have compared the purported written contract with the alleged duplicate, and this, too, in the face of his testimony that he had never signed such a contract or authorized any one to sign for him.

When appellant was compelled to divulge what occurred between him and his attorneys, he was plainly made to divulge privileged communication, to say nothing of the testimony on this point being irrelevant and immaterial. *Crisler* v. *Garland,* 11 Smed. & M., 136; *Parkhurst* v. *McGraw,* 24 Miss., 134; *Dickson* v. *Wright,* 52 Miss., 585; *Randell* v. *Yates,* 48 Miss., 685.

*John J. Curtis,* for appellee.

The contention of appellant that the questions asked him on his cross-examination, which are assigned for error, is based upon the mistaken idea that he was interrogated as to privileged matters.

He was asked in his direct examination: "Did you sign the contract introduced in evidence, by the terms of which you sold him a boat and was to do certain work?" and answered: "No, sir."

On his cross-examination he was questioned, to test his credibility and to lay the foundation to contradict him. He practically admitted, on his direct examination, the terms of the written contract—even said appellee had not done all he agreed to do, as therein stated—and while he said he did not sign it, he did not testify he was not a party to it. And on his cross-examination he naively avoided answering directly that he made only a verbal contract by stating, "Never made any contract with him (appellee). I just took his word." And he was asked, "When you made the contract, he took your word and you took his?" Answer: "I never kept any account." Nor could he remember the month and year the alleged verbal contract was made.

This case presents only an issue of fact, which was fairly tried by the jury, and it ought to stand as the jury left it.

Argued orally by *E. M. Barber,* for the appellant.

CALHOON, J., delivered the opinion of the court.

Duly made his affidavit in replevin for a schooner, with her anchor, sails, blocks, rigging, etc., valuing all at $150. The justice of the peace duly issued a writ of replevin and the constable levied on all, putting a value on the whole of $200. Mellini replevied all, giving bond in the sum of $400, and retained them in his possession. The justice, by consent of the parties, gave judgment for Duly that Mellini restore the schooner or pay Duly $150, and Mellini appealed to the circuit court on an appeal bond for $300, the appeal bond reciting that the judgment of the justice of the peace was "for the possession of a certain schooner, Alice P. of Biloxi, valued at $150." So it is plain that there was no appeal, except as to the boat itself, and that at a valuation of $150, Mellini remaining in possession of all the articles replevied.

The circuit court tried the case and there was a verdict for Duly for the boat alone, valued by the jury at $150. We fail to understand the contention that values showed more than $200 and therefore were in excess of jurisdiction. It is a mistake of fact. The affidavit puts the value of everything replevied at $150; the consent judgment in the justice's court was for the boat, valued at $150; there was appeal from that only; on the circuit court trial Mr. Mellini's counsel objected to testimony of the value of "anything seized except the boat," and the objection was sustained; and the verdict was for the boat only, valued by the jury at $150. So it is immaterial whether instruction No. 2 for plaintiff was strictly right or not.

Whether Mellini could or could not write, it was entirely competent to ask him as a witness whether he signed or executed a written contract, and whether it was not done in duplicate, and

on his denying both it violated no privileged confidence to ask him whether he had not compared with his counsel in the pending trial the contract offered by plaintiff with a copy given to his counsel by him.    The verdict is abundantly sustained by the evidence.

*Affirmed.*