C. R. AMMONS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 18, 1913.

JURY   TRIAL—DISCHARGING   PANELS—SELECTING   NEW
PANELS.

1. A defendant, as a matter of right, is not entitled to have any particular jurors to try his case. The right of peremptory challenge is a right to *reject*, and not a right to *select*.

2. The law does not require that the defendant in a criminal case should be personally present in court when an order is made for a special venire from which to complete or to select a jury for the trial of his case; when the names to constitute such special venire are drawn from the jury box; when the venire is issued therefor; when said special venire is returned by the sheriff, nor when the names constituting such venire are called to ascertain whether or not they have been summoned, or are in attendance upon the court, or whether they are disqualified or subject to excuse, none of such proceedings being "steps in or stages of the trial," within the meaning of the rule requiring the defendant's personal presence, but all being ministerial preliminaries merely, in which the defendant could have no voice or participation.

3. The policy of the law, in all cases in which jurors are empanelled to try the issue, is to secure men for that responsible duty whose minds are wholly free from bias or prejudice either for or against the accused, or for or against either party in civil cases. The authority of the trial court in superintending the making up of the panel is not limited to a decision of the strict legal qualifications of a juror; it may, in the exercise of a judicial discretion, excuse a juror, who, though not legally disqualified, yet has such relations to one of the litigants as might reasonably fill the other with apprehension as to his fairness. A trial court in empanelling a jury to serve in a particular case should have and has a very extensive and almost unlimited discretion in discharging

a person called to serve on the jury who might, in the opinion of the court, not make a fit and competent person to serve on that jury.  But this rule should not be applied in the retention of jurors.

4.  The presumption is that all the names placed in the jurybox from which jurors are to be drawn are fit and qaulified generally for jury service, and when one panel drawn therefrom are excused, discharged or exhausted a second panel drawn therefrom are presumed in law to be equally as well qualified to sit upon any given jury as were the members composing the excused, discharged or exhausted panel; and this presumption holds good until a defendant on trial shows that he has been damnified by the imposition upon him of an unfit or disqualified or prejudiced jury or juror.

Writ of error to the Criminal Court of Record for Duval County.

Judgment affirmed.

*J. E. & Julian Hartridge,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

TAYLOR, J.—The plaintiff in error was tried, convicted and sentenced in the Criminal Court of Record for Duval County for the crime of carnal intercourse with an unmarried female under the age of eighteen years, and for review of such judgment brings it here by writ of error.

Before the defendant's case was called for trial, the court on September 7th, 1911, discharged the entire regular panel of jurors who had been drawn on the 4th day of September, 1911, to serve for the week commencing on September 4th, 1911, and ordered another panel of eighteen names to be drawn from the jury box and

summoned, and all of these not being found or summoned, ordered a second panel of eighteen names to be drawn from the jury box and summoned to appear. When the defendant's case was called and he was put on trial on the 8th day of September, 1911, he objected to the calling of any jurors to serve in the trial of this case, or to be examined touching their qualifications as jurors until the regular panel drawn to serve in such court for the week commencing on September 4th, 1911, had been exhausted, and moved the court that the jurors to be put upon him be first called and taken from the regular panel drawn in the usual course to serve for the week commencing the 4th day of September, 1911, who had served the previous days in said week—but this the court refused to do for the reason that said panel had been discharged from further service by the court of its own motion, the court stating that his reasons for so discharging them were because some of them were ex-policemen, and he preferred that another panel be drawn from the box to try this case. To this ruling the defendant excepted, and it is the principal error assigned and argued here. There was no error here.

In the case of Colson v. State, 51 Fla. 19, 40 South. Rep. 183, we have held that: "A defendant, as a matter of right, is not entitled to have any particular jurors empanelled to try his case. The right of peremptory challenge is a right to *reject,* and not a right to *select.*" In the same case it was held that: "The law does not require that the defendant in a criminal case should be personally present in court when an order is made for a special venire from which to complete or to select a jury for the trial of his case, when the names to constitute such special venire are drawn from the jury-box, when the venire is issued therefor, when such special venire is re-

turned by the Sheriff, or when the names constituting such venire are called to ascertain whether or not they have been summoned, or are in attendance upon the court, or are disqualified or subject to excuse, none of such proceedings being 'steps in' or 'stages of' the trial, within the meaning of the rule requiring the defendant's personal presence, but all being ministerial preliminaries merely, in which the defendant could have no voice or participation."

In the case of Walsingham v. State, 61 Fla. 67, 56 South. Rep. 195, it was held that: "The policy of the law, in all cases in which jurors are empanelled to try the issue, is to secure men for that responsible duty whose minds are wholly free from bias or prejudice either for or against the accused, or for or against either party in civil cases. The authority of the trial court in superintending the making up of the panel is not limited to a decision of the strict legal qualifications of a juror; it may, in the exercise of a judicial discretion, excuse a juror, who, though not legally disqualified, yet has such relations to one of the litigants as might reasonably fill the other with apprehension as to his fairness." "A trial court in empanelling a jury to serve in a particular case should have and has a very extensive and almost unlimited discretion in discharging a person called to serve on the jury, who might in the opinion of the court, not make a fit and competent person to serve on that jury. But this rule should not be applied in retaining jurors." The presumption is that all of the names selected under the law to be placed in the jury box from which juries are to be drawn are fit and qualified generally for jury service, and when one panel drawn therefrom are excused, discharged or exhausted a second panel drawn therefrom are presumed in law to be equally as well

qualified to sit upon any given jury as were the members composing the excused, discharged or exhausted panel; and this presumption holds good until a defendant on trial shows that he has been damnified by the imposition upon him of an unfit or disqualified or prejudiced juror or jury. In this case the defendant has not shown this, but from the absence of anything in the record to the contrary, he has had his trial by a jury in all respects duly qualified, fair and impartial.

As to the contention that the verdict is not supported by the evidence there is no merit. The evidence abundantly sustains the verdict returned.

There being no error in the record, the judgment of the court below in said cause is hereby affirmed at the cost of Duval County, the plaintiff in error having been adjudged to be insolvent.

SHACKLEFORD, C. J., AND COCKRELL AND WHITFIELD, J. J., concur.

HOCKER, J., absent on account of illness.