JAKE REID, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 29, 1914.

1.  When evidence has already been introduced in a prosecution for murder to the effect that the defendant had killed the deceased, who was a negro, by stabbing or cutting him in the neck, a threat made by the defendant, some two or three hours before such killing to kill some negro whom he accused of having stolen his money, is properly admitted in evidence.

2.  An exclamation or statement made by a deceased person, within two or three minutes after he had been cut, to the effect that the defendant had cut him, and that he knew that he was dying, and as a mater of fact the deceased did die within about five minutes after making such statement, is admissible in evidence either as a dying declaration or as part of the *res gestae.*

3.  In a prosecution for murder, no error is committed in excluding the proffered testimony of a witness as to the physical condition of the premises where the homicide occurred, on a

night subsequent to the tragedy, especially when the conditions have not been shown to be similar upon the two nights.

4.  Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible where the conditions attending the alleged occurrence and the experiment are not shown to be similar. The similarity of circumstances and conditions go to the admissibility of the evidence and must be determined by the court.

5.  Where one of the assignments of error is predicated upon the overruling of the motion for a new trial, an appellate court will consider only such grounds thereof as are argued, and, where such motion is submitted without argument, such assignment presents nothing for consideration.

Writ of error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*A. G. Hartridge,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—Upon an indictment for murder in the first degree, Jake Reid was tried and convicted of murder in the second degree.

The first assignment which is insisted upon is to the effect that the court erred in admitting in evidence, over the objection of the defendant, a certain statement made by the defendant to T. W. Arnold, a State witness. We find that such witness had already testified that he was a deputy sheriff of Duval County and was standing inside the saloon, near which the homicide occurred for which the defendant was on trial, and had proceeded to give the

details of the tragedy which had come under his observation, which we do not deem it necessary to set forth. Such witness had further testified that the homicide was committed a few minutes before midnight on Saturday night, the 9th of August, 1913. In response to questions propounded to him by the State, the witness had also testified that he had seen the defendant about nine or ten o'clock that same night on the street car down at the Cummer Commissary and was then asked as to what the defendant had said to him at that time. Whereupon the defendant objected to such testimony in the absence of a proper connection. The jury then retired under order of the court and during such absence the witness proceeded to state what the defendant had said to him and to relate the circumstances. The jury returned into court and the following proceeding then took place:

"Mr. Hallowes: Q. You stated, Mr. Arnold, I believe, that you saw Jake about nine o'clock the same night Gourdine was killed. A. I did. Q. Where did you see him? A. On the street car, at the end of the car line in front of Cummer's Commissary. Q. What did he say to you? Mr. Hardridge: Q. What was his condition? A. He seemed to be drunk. Q. Had he been drinking? A. He was drunk, pretty full. Then I renew my objection under another ground, that he was drunk. The Court: Objection overruled. As I understand it, that does not effect the threat. It goes to the jury for whatever consideration it is worth, but it does not prevent the threat being introduced as evidence. Mr. Hartridge: I object to it as immaterial and improper, too remote; that no specific person was mentioned, or particular person; and on further ground, that when this remark was made, the defendant, Jake Reid, was drunk. The Court: Objection overruled; exception noted for the defendant. A. I was standing on the back of the car and Jake got on the car

and walked into the door, looked around and started out. I asked him what was the matter 'Secretary,' (that is what they call him out there). He says, 'I am looking for a nigger that stole my money; if I find him, I am going to cut his God Damn throat.' He got off and walked up the road there and back towards Cummer's Quarters. Mr. Hallowes: Q. That was about nine o'clock. A. Between nine and ten, I should judge. I will say it was about nine. Q. On the same night that Gourdine was killed? A. Yes, sir, the same night."

We are of the opinion that this assignment has not been sustained. No authorities are cited to us by the defendant in support of his contention. In Hodge v. State, 26 Fla. 11, 7 South. Rep. 593, we held as follows: "Evidence was introduced to prove threats of the prisoner 'to kill a man before sundown,' on the day M. was killed: *Held*, to be a matter to be given such weight by the jury as they, under all the circumstances, think it entitled to." See also the discussion in Waldron v. State, 41 Fla. 265, 26 South. Rep. 701, and Clemmons v. State, 43 Fla. 200, 30 South. Rep. 699. We should also refer to Wilson v. State, 30 Fla. 234, 11 South. Rep. 556, 17 L. R. A. 634, especially to the note and the authorities cited on page 662 of 17 L. R. A. In the instant case evidence had already been introduced to the effect that the defendant had killed Gourdine, who was a negro, by stabbing or cutting him in the neck. We think that this threat made by the defendant, some two or three hours before such killing, to kill some negro whom he accused of having stolen his money, was admissible under the circumstances which had already been developed by the evidence.

The fourth and fifth assignments are based upon the admission in evidence of an exclamation or statement made by the deceased within two or three minutes after he was

cut, to the effect that Jake Reid cut him. These errors are not well assigned. In view of the fact that at the time of making such statement the deceased also said that he knew he was dying, and as a matter of fact did die within about five minutes, such statement might well have been admissible as a dying declaration. If not so admissible, then it was clearly admissible as part of the *res gestae*. See Williams v. State, 58 Fla. 138. 50 South. Rep 749, and Davis v. State, decided here at the present term.

The sixth assignment has no basis in the record, therefore is not properly before us for consideration.

The seventh assignment is as follows: "The court erred in refusing to admit witness Patterson to testify in regard to physical condition of the property surrounding where the homicide was committed and to give his opinion that you could not recognize a man within the distance of ten feet."

It is sufficient to say that the bill of exceptions discloses that it was sought by the defendant to show by this witness what the physical condition of the premises where the homicide occurred was, not on the night of the tragedy, but either on the following night, which was Sunday, or on Monday night, the witness was not certain as to which night, and also to give his opinion as to whether the light there was sufficient to permit a person to be recognized near the building. No error is made to appear here. See Lawrence v. State, 45 Fla. 42, 34 South. Rep. 87; Spires v. State, 50 Fla. 121, 39 South. Rep. 181; Hisler v. State, 52 Fla. 30, 42 South. Rep. 692.

The only remaining assignment is based upon the overruling of the motion for a new trial. The only reference to this assignment in the brief of the defendant is as follows: "Argument having already been practically ar-

gued in connection with other assignments, will not be further argued."

As we held in Putnal v. State, 56 Fla. 86, 47 South. Rep. 864, "where one of the assignments of error is predicated upon the overruling of the motion for a new trial, an appellate court will consider only such grounds thereof as are argued, and, where such motion is submitted without argument, such assignment presents nothing for consideration."

No error having been made to appear to us, the judgment must be affirmed.

TAYLOR, HOCKER AND WHITFIELD, J. J., concur.

COCKRELL, J., absent, by reason of illness in his family.