RANDOLPH WASHINGTON AND RUFUS THOMPSON, *Plaintiffs in Error*. v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 17, 1923.

Petition for Rehearing Denied January 18, 1924.

1.  In this country jury duty is one of the greatest responsibilities incident to citizenship, and it is the rule and policy of the law to secure men for this duty of approved integrity whose minds are wholly free from bias or prejudice either for or against the accused, or for or against either party in a civil case. In making up the panel to serve in any particular case the trial court has an extensive and almost unlimited discretion in discharging any person or persons called to serve on the jury who might in the opinion of the court for any reason not be a suitable person for such service.

2.  A defendant as a matter of right is not entitled to have any particular jurors try his case, and unless it fully appears that in the exercise of the discretion reposed in and exercised by the trial court, some fundamental right of the defendant's was violated, the ruling of the trial court will not be disturbed.

3.  The primary purpose of a view by the jury is to assist them to analyze and apply the evidence taken at the trial. Under our statute (Sec. 6091, Rev. Gen. Stats. of Fla.) it is ordered in the sound discretion of the trial court.

4.  Under the law in this State no evidence can be taken at the view, and no proceeding can be had that would in any manner be harmful to a defendant.

5.  A diagram or plat verified as a correct representation of physical objects on the ground about which testimony is offered, is admissible in evidence for the use of witnesses in explaining their evidence and to enable the jury to better understand the case.

6. Declarations which were the natural emanations or out-growths of the act or occurrence, in litigation, although not precisely concurrent in point of time, if they were yet volun-tarily and spontaneously made so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and were made under such circumstances as necessarily to exclude the idea of design or deliberation, must upon the clearest principles of justice, be admissible as part of the act or transaction itself.

7. It is not reversible error for the prosecuting attorney to refer to the defendant as a murderer where the indictment is for murder and the evidence supports the charge.

8. Excessive vituperation or ridiculous epithets are out of place and should not be indulged in criminal prosecutions.

9. In argument to the jury counsel for all parties are restricted to the evidence and reasonable deductions therefrom, but within this rule they have a very wide discretion.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Judgment affirmed.

*M. D. Carmichael* and *L. R. Baker,* for Plaintiffs in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TERRELL, J.—Randolph Washington and Rufus Thompson were indicted in Palm Beach County for murder in the first degree, the indictment charging Washington as principal and Thompson as being present, aiding, abet-

ting, counseling, comforting, encouraging, commanding and procuring Washington to commit the crime as charged. Both men were convicted of murder in the second degree and sentenced to the State Prison for life. For review of the judgment writ of error is taken from this court.

The first and second assignments of error challenge the authority of the trial court to excuse the jurors Rhodehamel and Wells on the ground as to Rhodehamel that if the evidence was more or less circumstantial he would refuse to convict the defendants, and as to Wells that he was conscientiously opposed to capital punishment.

In this country jury duty is one of the greatest responsibilities incident to citizenship, and it is the rule and policy of the law to secure men for this duty of approved integrity whose minds are wholly free from bias or prejudice either for or against the accused, or for or against either party in a civil case. In making up the panel to serve in any particular case the trial court has an extensive and almost unlimited discretion in discharging any person or persons called to serve on the jury who might in the opinion of the court for any reason not be a suitable person for such service. Walsingham v. State, 61 Fla. 67, 56 South. Rep. 195; Ammons v. State, 65 Fla. 166, 61 South. Rep. 496; 16 R. C. L. 253, par. 72. A defendant as a matter of right is not entitled to have any particular jurors try his case, and unless it fully appears that in the exercise of the discretion reposed in and exercised by the trial court, some fundamental right of the defendants was violated, the ruling of the trial court will not be disturbed. The excusing of the jurors Rhodehamel and Wells by the court did not exclude the defendants from a fair and impartial trial by a competent jury, and was not error.

The fourth assignment of error attacks the order of

the court allowing a view of the scene of the homicide without the presence of the defendants. The ground of such objection being that the view was a step or stage in the trial at which defendants must be present.

The primary purpose of a view by the jury is to assist them to analyze and apply the evidence taken at the trial. Under our statute (Sec. 6091, Rev. Gen. Stats. of Fla.), it is ordered in the sound discretion of the trial court. In some jurisdictions it is held that at the view the jury is receiving evidence and drawing inferences the same as when taking evidence in the court room, and that therefore the defendant has a right to be present. State v. Sanders, 68 Mo. 202, 30 Am. Rep. 782; People v. Thorn, 156 N. Y. 286, 50 N. E. Rep. 947, 42 L. R. A. 368.

Under the law in this State no evidence can be taken at the view, and no proceeding can be had that would in any manner be harmful to a defendant. In the case at bar the defendants requested the court to order the view, made no objection to the manner of its taking and did not request that they be permitted to be present. It does not appear that any proceeding was had at the view harmful to defendants. We do not therefore think they can claim their right to be present in person, and this view seems to be supported by the weight of authority in this country. Haynes v. State, 71 Fla. 585, 72 South. Rep. 180; Kersey v. State, 73 Fla. 832, 74 South. Rep. 983; Shular v. State, 105 Ind. 289, 4 N. E. Rep. 870; State v. Hartley, 22 Nev. 342, 40 Pac. Rep. 372; People v. Thorn, 156 N. Y. 286, 50 N. E. Rep. 947, 42 L. R. A. 368; 8 R. C. L. 92; 2 Bishop's New Crim. Proc. §965; Starr v. State, 5 Okla. Crim. 440, 115 Pac. Rep. 356; 3 Wigmore on Evidence (2nd ed.) Par. 1803, from which the following is quoted and we think is fully decisive of the question presented: "As to the argument that the jury's view is a part of the trial and

that the accused is entitled to be present at every part of the trial, the answer is that the accused might equally well claim to be present at the jury's deliberations over their verdict, for that is equally a part of the trial; if there is no inherent and invariable necessity for that part, neither is there for this.  As for the related suggestion that the holding of a view in the absence of the defendant is the holding of a part of the trial 'away from the place appointed for the holding of the court,' it would follow from this that the judge and other court officers should be present also; but no one has ever supposed this necessary.  It would be, on the contrary, much easier to question the propriety of the court's adjourning and traveling in a body to the place of a view, for such a proceeding would be more open to the criticism that it took the trial 'away from the place appointed for the holding of the court.'  It is impossible to argue in the same moment both that the court must be held at the place appointed and that it must be held in part somewhere else.  (3) As to the suggestion, based on mere general considerations of fairness and policy, that the defendant's presence is necessary because 'the jurors may receive erroneous impressions' which 'cannot be corrected or removed' and therefore the defendant should have 'an opportunity to observe the conduct of the jury and whatever occurs there,' there are two answers.  First, the defendant, though present, could not lawfully ask questions or make statements; so that the sole value of his presence would lie in the opportunity to see that nothing irregular was done and to obtain such a knowledge of what was done as would assist him in the subsequent conduct of the trial. Secondly, this very opportunity he already fully possesses; for he is represented at the view by a shower, selected by himself and formally approved by the court; this shower

points out such parts as the accused has directed, and does so with reference to the forthcoming testimony for that party; and this shower is in a position not only to observe all that is done, but to make all of his observations useful later to his party as may be needed.  Every practical advantage to be gained from the accused's presence is already his, by virtue of the ordinary proceedings at a view; and if, in any court's practice today, the defendant is not allowed to have one shower appointed as his representative, then the unfairness and disadvantage in such a court arises from the improper procedure observed in the view, and not from inherent defects in the orthodox method of view.   There is therefore no ground, either upon legal principle or upon practical fairness, for holding the presence of the accused himself to be essential.''

The fifth, sixth, seventh and eighth assignments of error are in effect that the court erred in admitting in evidence a certain plat marked Exhibit A, in denying the motion of defendants to strike from the evidence the said plat and in permitting the witness Lillie Walker to testify from the same.

This court in Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65, in effect held that a diagram or plat verified as a correct representation of physical objects on the ground about which testimony is offered, is admissible in evidence for the use of witnesses in explaining their evidence and to enable the jury to better understand the case.   The plat referred to here was not copied in the transcript and is not properly before this court.   We have, however, examined the evidence with reference to it, and for the purposes of this case it seems to have been properly verified.   It does not appear that its introduction and use in the trial was prejudicial to any right of the defendants.

Immediately after the shooting the deceased proceeded

to the home of Lillie Walker, about seventy to one hundred yards distant; on approaching the house Lillie Walker propounded the following question: Henry, what's the matter? The response was: "Auntie, Randolph Washington and his old uncle, Rufus Thompson, double teamed me out there awhile ago; Rufus struck me in the head with a bottle and Randolph shot me." The ninth, tenth, eleventh, thirteenth and fourteenth assignments of error are to the effect that this testimony of the deceased was not admissible as part of the *res gestae,* and should have been stricken.

It is often difficult to determine when declarations having relation to an act or transaction should be considered as part of the *res gestae,* and an equally great difficulty has been experienced in the effort to prescribe general rules for the admission of such. It may, however, be safely said that declarations which were the natural emanations or outgrowths of the act or occurrence in litigation, although not precisely concurrent in point of time, if they were yet voluntarily and spontaneously made so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and were made under such circumstances as necessarily to exclude the idea of design or deliberation, must upon the clearest principles of justice, be admissible as part of the act or transaction itself. Williams v. State, 58 Fla. 138, 50 South. Rep. 749; Davis v. State, 68 Fla. 81, 66 South. Rep. 429; Reid v. State, 68 Fla. 105, 66 South. Rep. 725; People v. Vernon, 35 Cal. 49, 95 Am. Dec. 49; Louisville, N. A. & C. Ry. Co. v. Buck, 116 Ind. 566, 19 N. E. Rep. 453, 2 L. R. A. 520; Texas & P. Ry. Co. v. Robertson, 82 Texas 657, 17 S. W. Rep. 1041; Kirby v. Commonwealth, 77 Va. 681, 46 Am. Rep. 747; Jones v. State, 71 Ind. 66; Bouvier's Law Dictionary.

The answer of the deceased complained of was made within two minutes of the fatal shooting. It does not appear that there was time or motive for the fabrication of a story, and we think the time was so short that it precludes the idea of deliberate design on the part of deceased. In the light of the rule and authorities as above quoted the response of the deceased was a part of the *res gestae* and was competent testimony.

In the course of his argument to the jury the State Attorney remarked that he believed the guilt of the defendants had been proven beyond a reasonable doubt. The refusal of the court to strike this remark is assigned as the fifteenth ground of error. This remark was merely the conclusion or the deduction of the State Attorney as drawn from the evidence and while the rule is that remarks of counsel should be addressed to the evidence as introduced or that pledged to be introduced, it is not out of place to discuss in the presence of the jury conclusions drawn from the evidence so long as witnesses are not misquoted. Adams v. State, 54 Fla. 1, 45 South. Rep. 494; Fosdick v. Van Arsdale, 74 Mich, 302, 41 N. W. Rep. 931; State v. Moore, 32 Ore. 65, 48 Pac. Rep. 468; 2 Ency. Pl. & Pr. p. 716 and cases there cited; 3 Wigmore on Evidence, Par. 1806.

The sixteenth assignment of error is predicated on the refusal of the court to acept and record the verdict as first returned by the jury. The verdict as first returned was as follows: "West Palm Beach, Fla., March 4th, 1922. We, the jury, find the defendant Randolph Washington guilty of murder in the first degree, and recommend mercy of the court; and we find the defendant Rufus Thompson guilty of being an accessory before the fact. So say we all. J. A. H. McEwen, Foreman." At the request of counsel for defendants the jury was polled and each juror responded

that the foregoing was his verdict. The court before discharging the jury instructed them that the verdict was not in proper form and after re-reading to them the charges previously given requested that they retire and "present your verdict in proper form." The jury in due course returned a verdict as follows: "West Palm Beach, Florida, March 4th, 1922. We, the jury, find the defendants, and each of them, guilty of murder in the second degree. So say we all. J. A. H. McEwen, Foreman," which verdict was ordered filed and the jury discharged.

The effect of the verdict as first returned was to convict both defendants of murder in the first degree with recommendation for mercy. The trial court thought the verdict was not in proper form and after re-reading his charge to the jury requested that they return to the jury room and present their verdict in proper form, which they did, finding both defendants guilty of murder in the second degree. The verdict as last rendered is fully supported by the evidence, was received and ordered filed by the court, appears from the record to have been regular, and being more favorable to the defendants than the former verdict, we do not think this assignment is properly raised. Grant v. State, 33 Fla. 291, 14 South. Rep. 757, 23 L. R. A. 723; Bryant v. State, 34 Fla. 291, text 298, 16 South. Rep. 177, text 179; Evans v. State, 68 Fla. 79, 66 South. Rep. 421; Niblack v. State, 70 Fla. 227, 70 South. Rep. 415; Ford v. State, 34 Ark. 649; 3 Wharton's Crim. Proc. Par. 1684; 2 Thompson on Trials, §2633, p. 1917. The foregoing authorities support the view that the verdict may be amended any time prior to the discharge and separation of the jury.

In his argument to the jury the Assistant State Attorney spoke of the defendant Randolph Washington as a "murderer" and "this nubbinheaded gentleman," and the de-

fendant Rufus Thompson as "this flatheaded bull-necked fellow don't look like he has got good sense. Would be just such a fellow as would go around with Randolph Washington to assist him." He also spoke of both defendants as "these left handed Katzenjamer Kids."

These remarks are the basis of the thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth and thirty-sixth assignments of error.

It is not reversible error for the prosecuting attorney to refer to the defendant as a murderer where the indictment is for murder and the evidence supports the charge. State v. Griffin, 87 Mo. 608, text 615; 1 Thompson on Trials, §980. It appears that all the foregoing remarks were objected to, the court sustained the objections in each case and instructed the jury to disregard them. On a consideration of the whole record and the conclusiveness of the evidence in this case, it does not appear that any fundamental right of defendants was prejudiced or impaired by these remarks, and no reversible error was therefore committed. State v. Braswell, 82 N. C. 693; Johnson v. Brown, 130 Ind. 534, 28 N. E. Rep. 698; Palmer v. People, 138 Ill. 356, 28 N. E. Rep. 130; State v. Howard, 118 Mo. 127, 24 S. W. Rep. 41; Griffin v. State, 90 Ala. 596, 8 South. Rep. 670; 2 Ency. Pl. & Pr. 752.

It is proper to state in this connection that excessive vituperation or ridiculous epithets are out of place and should not be indulged in criminal prosecutions. The prosecuting attorney occupies a semi-judicial position. He is a sworn officer of the Government with no greater duty imposed on him than to preserve intact all the great sanctions and traditions of the law. It matters not how guilty a defendant in his opinion may be, it is his duty under oath to see that no conviction takes place except in strict conform-

ity to law. His primary considerations should be to develop the facts and the evidence for the guidance of the court and jury, and not to consider himself merely as attorney of record for the State, struggling for a verdict.

In argument to the jury counsel for all parties are restricted to the evidence and reasonable deductions therefrom, but within this rule they have a very wide discretion. As was said in Mitchum v. State, 11 Ga. 615, text 631, "His illustrations may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination. To his freedom of speech, however, there are some limitations." Any attempt to pervert or misstate the evidence or to influence the jury by the statement of facts or conditions not supported by the evidence should be rebuked by the trial court and if by such misconduct a verdict was influenced a new trial should be granted. Clinton v. State, 53 Fla. 98, 43 South. Rep. 312; Bradham v. State, 41 Fla. 541, 26 South. Rep. 730; 3 Wharton's Crim. Proc. p. 1496.

The thirty-seventh and last assignment of error is to the effect that a new trial should have been granted because the verdict was contrary to the evidence and it is not shown that the defendant Rufus Thompson had any connection with the homicide.

The transcript contains lots of irrelevant material, but the sufficiency of the evidence to support the verdict as to defendant Randolph Washington is beyond question, and we think it is equally as conclusive that the defendant Rufus Thompson was present aiding, abetting, counselling and assisting in the commission of the crime. Under our statute he was equally guilty.

For the reasons stated in this opinion the judgment of the Circuit Court was proper and is affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.