Joe Dunaway, *Plaintiff in Error,* v. State of Florida, *Defendant in Error.*

En Banc.

Opinion Filed July 13, 1925.

Petition for Rehearing Denied September 25, 1925.

1. One charged with crime is entitled to no particular juror or jury to try his case. He is entitled to a fair and impartial jury and no showing having been made that the jury finally selected and sworn was not fair and impartial reversible error is not made to appear.

2. Mere irregularities in a trial that deprive the defendant of no material right or that do not to the extent of prejudicing his case are not sufficient for reversal.

3. A cause will not be reversed on the facts though contradictory if there is evidence in the record on which reasonable men could have based the verdict returned.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Judgment Affirmed.

*John M. Coe, R. P. Reese, J. McHenry Jones* and *Philip D. Beall,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

Terrell, J.—Joe Dunaway was indicted and tried in the Circuit Court of Escambia County for murder in the first degree. He was convicted of murder in the second degree, sentenced to thirty years at hard labor in the State

Prison and now comes here by writ of error seeking to have judgment and sentence reversed.

Reversal is predicated on the following grounds: (1) Allowance of challenge of a juror by the State after the panel had been tendered and accepted. (2) Method of examining the witnesses, Polly Mitchell and Fannie Collins, on the part of the State, such method tending to impute lack of chastity to said witnesses. (3) Permitting cross examination of defendant's witnesses by two counsel over the same points and as to matters not in cross of anything brought out in the direct examination. (4) Refusal of the trial court to allow defendant a few minutes to secure the attendance of the witness Mrs. Zack Reader.

The challenge complained of was made prior to the swearing of the jury in chief and it is nowhere made to appear that any harm resulted to the defendant therefrom or that any right of his was prejudiced thereby. As a matter of right defendant was entitled to no particular jury or jurors to try his case; he was entitled to a fair and impartial jury and it is not claimed or intimated that the jury finally selected and sworn and by whom defendant was tried was not all that the law required. Ammons v. State, 65 Fla. 166, 61 So. 496; Young v. State, 85 Fla. 348, 96 So. 381; Washington et al. v. State, 86 Fla. 533, 98 So. 605.

The record shows that Joe Dunaway, the plaintiff in error, and Sebastian Sanders, the deceased, with some ten or twelve others met at the home of Dan Wilson on June 1, 1924, where they participated in the festivities of a birthday party. It appears that all the participants met there as friends, that all were drunk or drinking throughout the day, and all were related by blood or marriage, defendant and deceased having married sisters. The day was spent fiddling and dancing and indulging the usual diversions incident to such occasions where "shinny" is

liberally dispensed. The concluding scene of the final act of the drama was the killing of Sebastian Sanders which took place in one room of the dwelling of Wilson late in the afternoon. While there is slight evidence of bad blood between defendant and deceased no convincing motive is shown for the killing. It was apparently not precipitated by words or blows and we are unable tó say what provoked it. Stella Sanders, the wife of the deceased, was present at the killing and swore that Joe Dunaway did it. Supporting testimony also points to his guilt.

In this state of the record other asserted grounds of reversal embraced matters entirely within the discretion of the trial court to be disposed of in the light of the law arising from the facts developed in the progress of the trial. We have studied the whole record carefully and while it appears that the trial may have been in some respects irregular under all the circumstances we fail to see where such irregularities deprive the defendant of any material right or prejudiced his case in any particular. The testimony is entirely contradictory, yet there is evidence on which reasonable men could support the elements of murder in the second degree. We find no error in the record that would warrant a reversal of the judgment below, so it is affirmed.

WEST, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.