HENRY CARLILE v. STATE.

176 So. 862.

Division A.

Opinion Filed November 5, 1937.
Rehearing Denied November 24, 1937.

*Butt & Akridge* and *George P. Garrett,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

TERRELL, J.—Henry Carlile, David Smith, and Buck Wilkinson were indicted in Brevard County for the larceny of a heifer. On being arraigned, Henry Carlile pleaded not guilty but David Smith and Buck Wilkinson pleaded guilty. A second trial of Carlile, the first being a mistrial, resulted in a verdict and judgment of guilty and a sentence to two years in the State Penitentiary. He seeks to be relieved of that judgment by writ of error.

At the trial, the State was permitted to introduce as corroborating evidence a calendar on which was marked a date which the witness testified was referred to by defendant in a conversation with him about the time the heifer was alleged to have been stolen. It is contended that it was error to introduce the calendar because it constituted hearsay and was not marked in the presence or knowledge of the defendant.

The rule is settled that written memoranda made at or about the time of the transaction to which they relate may be admitted to corroborate the testimony of the witness by whom made. It is not essential that such memoranda be made in the presence of or approved by the defendant. 26 C. J. 896. There are many exceptions to this rule but an examination of the record does not disclose that the defendant has brought himself within any of them.

The second question urged for reversal grows out of these facts: Defendant seasonably filed a motion for continuance predicated on the absence from the State of a material witness. Before the motion was ruled on, the witness returned to the jurisdiction of the trial court. Pur-

suant to Section 4741, Compiled General Laws of 1927, the Assistant State Attorney summonsed said witness to appear before him for examination which was taken down and transcribed by the official court reporter. At the trial, when the witness had testified in chief for the defendant, the Assistant State Attorney took him for cross-examination and questioned him as to statements made when summonsed before him to testify under Section 4741, Compiled General Laws of 1927.

It was admitted by the Assistant State Attorney that the examination took place after the motion for continuance was filed and was with reference to the contents thereof. Defendant objected to any cross-examination relative to the contents of the affidavit for continuance but his objection was overruled. The order overruling said objection was the basis of the instant assignment of error.

Section 4741, Compiled General Laws of 1927, was designed primarily to aid the State Attorney in apprehending violators of the criminal statutes. Since the witness had returned to the jurisdiction of the Court, the purpose of the motion for continuance had vanished and had no place in the trial. The evidence brought out on cross-examination as to the contents of the motion pointed in no respect to the defendant's guilt and should not have been permitted to prejudice his case. There was no error in overruling a blanket objection to the testimony as was done here. If it in any way or any feature of it tended to unduly discredit the witness, seasonable objection should have been sustained but we do not find that such objection was made. The State Attorney has a very broad discretion in examining witnesses under Section 4741, *supra,* prior to indictment but after an indictment has been found, that discretion is limited as to defendant's witnesses.

In his argument, the Assistant to the Assistant State Attorney at various times made the following statements to the jury all of which are assigned as error:

"When they got out there on the Southmere Road, the negro killed the spotted heifer. Then they went direct to the place where he (meaning the Defendant) had killed the first red heifer."

"You see how this book has been changed to make out his own defense—these lines were written with a blunt, soft pencil—this line was changed and written with a sharp, hard pencil."

"These men (referring to Buck Wilkinson, Dave Smith, and defendant) had been stealing yearling after yearling together."

"We can only look to the jury to stop this stealing of the oranges, grapefruit, and cattle."

Some of these statements were withdrawn when objection to them was made; the Court gave instructions not to consider some of them; some of them were without any warrant in the evidence; and all were highly prejudicial and improper under the circumstances. It is insisted that the evil influence of these and similar statements which are not here listed was cured by withdrawal or instructions by the Court not to consider them.

It would seem that the law defining the bounds of a prosecuting attorney's discretion in his argument to the jury in cases of this kind had been settled by this and other courts in this country. Akin v. State, 86 Fla. 564, 98 So. 609; McCall v. State, 120 Fla. 707, 163 So. 38; Washington v. State, 86 Fla. 533, 98 So. 605; Pierce v. State, 93 Fla. 504, 112 So. 83; Rowe v. State, 87 Fla. 17, 98 So. 613; Prince v. State, 93 Miss. 263, 46 So. 537; Hampton v. State, 88

Miss. 257, 40 So. 546. Citations on this point might be extended to great length.

The rule in this State is that whether requested to or not, it is the duty of the trial judge to check improper remarks of counsel to the jury and by proper instructions to remove any prejudicial effect such remarks may have created. A judgment will not be set aside because of the omission of the judge to perform his duty in the matter, unless objected to at the proper time. This rule is, however, subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence. In such event, a new trial should be awarded regardless of the want of objection or exception.

Stealing a cow in South Florida is no less heinous than tradition tells us that stealing a horse was in Texas in the days of our fathers and being so, it is doubtful if the sinister influence of the remarks complained of and other remarks made to the jury in this case, which we do not take time and space to relate, could be erased by withdrawal or any admonition the Court could give. In fact, this thing of softening prejudices and erasing sinister influences once created is extremely tenuous and of doubtful consummation and if it is in the nature of a prejudice, it is more difficult to get rid of. The psychologists tell us that a sense concept once formed becomes a fixed impression and while it may in time be temporarily submerged by other concepts, it can never be erased or destroyed. It clings to the mind like a tattoo on the epidermis.

Under our system of jurisprudence, the pleadings determine the issues in every litigated cause and the evidence determines which party to the cause the issues made should be resolved in favor of. The pleadings and the evidence

limit the bounds of counsel's argument no less definitely than the rules of procedure limit the evidence competent to support the issues made.

Ultimate deductions from the evidence are for the jury to draw. Counsel may argue what deductions in his judgment the evidence would reasonably support but under no circumstances is he warranted in offering dogmatic statements as to what the evidence proves.

This Court is reluctant to reverse the judgment of a trial court unless convinced that a fair trial was not given. Such a trial is guaranteed by the fundamental law and we are confronted at all times with our oath to uphold this mandate. In this case, prosecuting counsel repeatedly transgressed the bounds of propriety vested in him and this in reference to a matter as heretofore stated, the passion of the community was easily aroused over. For this reason, the judgment below must be reversed.

Other assignments have been examined but as to them, harmful error is not made to appear.

Reversed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.