JOE JOHNSON v. STATE.

191 So. 847
Division A
Opinion Filed November 7, 1939

*Philip D. Beall* and *J. McHenry Jones,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Plaintiff in error was convicted in the Circuit Court of the First Judicial Circuit of Florida in and for Escambia County of manslaughter under an indictment charging murder in the first degree.

It is contended by plaintiff in error that the judgment should be reversed on authority of our opinions and judgments in the cases of Carlile v. State, 129 Fla. 860, 176 Sou. 862, and Cooper v. State, 186 Sou. 230, not yet reported in Florida Reports.

In the Cooper case we quoted from the remarks shown to have been made by the prosecuting attorney, the following:

"Gentlemen, do you realize that here in Dade County there are more homicides, more murders, committed in this small county—and it is small compared to some of the other populous counties of this country and to some of the large cities of the world,—but here in Dade County alone we have more homicides every year than in all of England, Ireland and Scotland combined?"

We disapproved the argument made in that case but the judgment of conviction was not reversed because of the utterance of the remark above quoted. In that case the record showed that the prosecuting attorney in his argument used other language which was unwarranted and prejudicial to the accused.

The present record shows that during the course of the argument by the State's attorney he said:

"Don't you know that the best grounds in the world to defeat the payment of alimony is to charge the wife with adultery?"

To this remark the defendant then and there objected and the court instructed the jury as follows:

"Gentlemen, disregard the statement that alimony is not given to an adulterous wife, and that the establishment of guilt of adultery is the best grounds in the world to defeat the payment of alimony."

During the course of the argument the State's attorney made the following statement:

"No wonder we have more murders in the little State of Florida than there are in the whole of England."

Defendant objected to this statement and the court overruled the objection.

The State's attorney also made the following statement:

"We are going to continue to have life treated as a scrap of paper in the State of Florida until juries with backbones rise up and say we are going to stop it."

This statement was objected to by defendant and his objection was overruled.

While we do not approve of this sort of argument by a prosecuting attorney, we cannot hold that the arguments were of such an improper nature as to warrant a reversal of the judgment. In Henderson v. State, 94 Fla. 318, 113 Sou. 689, we said:

"In the case of Washington v. State, 86 Fla. 533, 98 Sou. 605, where the lines of demarcation between legitimate and improper arguments are pointed out, it was well said by this Court, speaking through Mr. Justice TERRELL: 'The prosecuting attorney occupies a semi-judicial position. He is a sworn officer of the Government with no greater duty imposed on him than to preserve intact all the great sanc-

tions and traditions of the law. It matters not how guilty a defendant in his opinion may be, it is his duty under oath to see that no conviction takes place except in strict conformity to law. His primary considerations should be to develop the facts and the evidence for the guidance of the court and jury, and not to consider himself merely as attorney of record for the State, struggling for a verdict.'

"We realize that the situation in some cases justifies very strong appeals by the prosecuting attorney to arouse the patriotism and sense of public duty of the jurors to perform the duty which the law and the evidence in a case plainly justifies and calls for.

"The welfare of society and the safety and security of the great body of law-abiding citizenry can only be maintained by the just and courageous enforcement of the laws of the land, and all legitimate argument and full exercise of the greatest forensic talents of our public prosecutors are sometimes necessary to be directed to that end, and their fair and proper use should be permitted and encouraged rather than cramped or denied. But such arguments are all the more telling and effective when kept within proper bounds. No matter how heinous the offense or how guilty the accused appears to be, defendants and defendants' counsel, have their rights and these rights should be fearlessly and fully granted and safeguarded by the courts, especially in cases where great public excitement has been aroused. It has been, and God grant it may ever be, one of the chief glories of this fair land of ours that, as a general rule at least, no man be condemned without a hearing or punished without first having had an absolutely fair and impartial trial, according to our Constitution and our laws. The fairness, as well as the firmness, of the enforcement of our criminal laws promotes respect for law and increases its deterrent effect."

It is not necessary to discuss the several questions presented by the assignments of error and as stated in the briefs. It is sufficient to say that we have carefully examined the entire record and find that it discloses no reversible error.

Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.