433 So.2d 51 (1983)
Jack NEIL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-520.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul Louis, Leonard H. Rubin, Miami, and Ray Ellen Yarkin, Miami Beach, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
Jack Neil was tried by a jury and convicted of second degree murder and the possession of a firearm in the commission of a felony. Both the victim and the defendant were black. Neil contends that the trial court erred in permitting the state to exercise peremptory challenges so as to systematically exclude all black persons from the trial jury, thereby denying him his right to a fair trial pursuant to the sixth and fourteenth amendments to the United States Constitution and article one, section sixteen of the Florida Constitution. For the reasons which follow we affirm.
By this appeal Neil asks us to answer the question left open in Johnson v. State, 418 So.2d 1063 (Fla. 3d DCA 1982), and adopt the principles enunciated in People v. Wheeler, 22 Cal.3d 258, 583 P.2d 748, 148 Cal. Rptr. 890 (1978),[1] and Commonwealth v. Soares, 377 Mass. 461, 387 N.E.2d 499, cert. denied mem., 444 U.S. 881, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979).[2]
Neil agrees that under Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965),[3] it is his burden to establish that (1) a particular prosecutor (2) in every type of case (3) in every set of circumstances and (4) for an extended provable period of time has (5) peremptorily excused black venire persons with the result that no black person has ever served on a petit jury in a case tried by that prosecutor. This burden is not *52 met here. See State v. Simpson, 326 So.2d 54 (Fla. 4th DCA 1976). Neil argues that under Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the Wheeler-Soares analysis should be applied in Florida.
Neil's reliance on those cases is misplaced. Duncan stands for the proposition that the sixth amendment provision for jury trial is binding upon the states by virtue of the fourteenth amendment, and Taylor requires that a fair cross-section of the community be represented on trial venires. In Taylor the Court limited its holding, however, and emphasized that "in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition," Taylor v. Louisiana, 419 U.S. at 538, 95 S.Ct. at 702, 42 L.Ed.2d at 703 (citations omitted) (emphasis added).[4]Accord, North v. State, 65 So.2d 77 (Fla. 1953), aff'd mem., 346 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423 (1954); Ammons v. State, 65 Fla. 166, 61 So. 496 (1913); Colson v. State, 51 Fla. 19, 40 So. 183 (1906). The principles of Swain have been reaffirmed by the Florida Supreme Court in Francis v. State, 413 So.2d 1175 (Fla. 1982), and Dobbert v. State, 409 So.2d 1053 (Fla. 1982). In Francis Justice Alderman, speaking for the court, held that a defendant's absence from the proceedings while peremptory challenges were being exercised was reversible error. Francis, 413 So.2d at 1179. In reaching that conclusion the court adopted the Swain rationale regarding peremptory challenges:
It is an arbitrary and capricious right which must be exercised freely to accomplish its purpose. It permits rejection for real or imagined partiality and is often exercised on the basis of sudden impressions and unaccountable prejudices based only on the bare looks and gestures of another or upon a juror's habits and associations. It is sometimes exercised on grounds normally thought irrelevant to legal proceedings or official action, such as the race, religion, nationality, occupation or affiliations of people summoned for jury duty.
Francis, 413 So.2d at 1179 (citing Swain).
Similarly, in Dobbert the court, while rejecting a Swain-Witherspoon[5] synthesis, again relied extensively on Swain. See Dobbert, 409 So.2d at 1056.
Neil's argument in favor of the Wheeler-Soares criteria is simply not compelling. With due deference to the courts that authored those opinions we reject the Wheeler-Soares rationale. When peremptory challenges are subjected to judicial scrutiny, they will no longer be peremptory. See State v. Grady, 93 Wis.2d 1, 286 N.W.2d 607 (Ct.App. 1979); Annot., 79 A.L.R.3d 14 (1977), and the cases cited therein.
The exercise of peremptory challenges by both the defense and the state is well rooted in Florida's jurisprudence. See Mann v. State, 23 Fla. 610, 3 So. 207 (1887). We are not permitted to depart from the controlling precedents of our supreme court. See Hoffman v. Jones, 280 So.2d 431, 433-34 (Fla. 1973).
We do recognize that this issue is particularly troublesome and is capable of repetition. We therefore certify to the supreme court the following question of great public importance:
Absent the criteria established in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), may a party be required to state the basis for the exercise of a peremptory challenge?
We have considered the other issues raised and find them to be without merit.
Affirmed. Question certified.
NOTES
[1] Wheeler, Soares and Swain are not without their critics. See Babcock, Voir Dire: Preserving "Its Wonderful Power," 27 Stan.L.Rev. 545 (1975); Comment, Racial Bias and the Right to an Impartial Jury: A Standard for Allowing Voir Dire Inquiry, 33 Hastings L.J. 959 (1982); The Defendant's Right to Object to Prosecutorial Misuse of the Peremptory Challenge, 92 Harv.L.Rev. 1770 (1979); Limiting the Peremptory Challenge: Representation of Groups on Petit Juries, 86 Yale L.J. 1715 (1977); Peremptory Challenges and the Meaning of Jury Representation, 89 Yale L.J. 1177 (1980); Saltzburg & Powers, Peremptory Challenges and the Clash Between Impartiality and Group Representation, 41 Md.L.Rev. 337 (1982); Winick, Prosecutorial Peremptory Challenge Practices in Capital Cases: An Empirical Study and a Constitutional Analysis, 81 Mich.L.Rev. 1 (1982); Younger, Something New Under the Sun  Unlawful Peremptory Challenges, Judges' J., Winter 1982, at 27. See generally Annot., 79 A.L.R.3d 14 (1977).
[2] See supra note 1.
[3] See supra note 1.
[4] We note with more than passing interest that Mr. Justice White authored the opinions for the Court in Swain, Duncan and Taylor.
[5] Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).