KLEIN, J.
We affirm appellant’s conviction for burglary of a dwelling, addressing one issue: whether the court erred in allowing the state to strike a Hispanic juror in the absence of a race-neutral reason.
The state’s explanation for striking the juror was that the juror did not appear to speak or understand English very well. The trial court found that to be a race-neutral reason and appellant made no further objection. On appeal appellant argues that the transcript of voir dire refutes the state’s explanation about this juror speaking or understanding English. We cannot, on this record, agree.
As the Florida Supreme' Court explained in Floyd v. State, 569 So.2d 1225, 1229-30 (Fla.1990):
It is the state’s obligation to advance a facially race-neutral reason that is supported in the record. If the explanation is challenged by opposing counsel, the trial court must review the record to establish record support for the reason advanced. However, when the state asserts a fact as existing in the record, the trial court cannot be faulted for assuming it is so when defense counsel is silent and the assertion remains unchallenged. Once the state has proffered a facially race-neutral reason, a defendant must place the court on notice that he or she contests the factual existence of the reason. Here, the error was easily correctable. Had defense counsel disputed the state’s statement, the court would have been compelled to ascertain from the record if the state’s assertion was true. Had the court determined that there was no factual basis for the challenge, the state’s explanation no longer could have been considered a race-neutral explanation, and Juror Edmonds could not have been peremptorily excused. Because defense counsel failed to object to the prosecutor’s explanation, the Neil issue was not properly preserved for review.
As in Floyd, appellant in this ease failed, in the trial court, to take issue with the state’s explanation. If appellant had done so, the question of whether this juror *1220 had a language problem could have been cleared up. The transcript alone is insufficient to resolve the issue. Appellant has, accordingly, failed to demonstrate error.
We have considered the other issue raised by appellant and find it to be without merit. Affirmed.
STONE and HAZOURI, JJ., concur.