SCHWARTZ, Senior Judge.
On this appeal from convictions for possession with intent to sell cocaine, resisting an officer with violence, battery on a law enforcement officer, escape and petit theft, the only points raised concern jury selection. We affirm.
The defendant’s first contention concerns two jurors as to whom state peremptory challenges were upheld by the trial court after a Batson-Neil objection. The state’s proffered race-neutral reason *939 was that the jurors had raised their hands when the panel was asked whether anyone was in favor of legalizing marijuana. The defendant does not challenge the validity or the race-neutrality of this ground but claims that the hand-raising does not appear on the record. See Dorsey v. State, 868 So.2d 1192 (Fla.2003). Because, however, his counsel did not challenge the accuracy of the prosecutor’s statements below, which were accepted without comment by the trial judge — who had obviously seen the incident in question — Riggins may not now claim that the basis of the reason is unsupported by the record. See Mendoza v. State, 807 So.2d 734, 735 (Fla. 3d DCA 2002) (holding that argument as to peremptory strike not preserved “where the defense did not object to the existence of the facts proffered by the state in support of the strike”); Soto v. State, 786 So.2d 1218 (Fla. 4th DCA 2001), case dismissed, 799 So.2d 219 (Fla.2001); Carter v. State, 762 So.2d 1024 (Fla. 3d DCA 2000), review denied, 786 So.2d 1183 (Fla.2001); see also Dorsey, 868 So.2d at 1196 n. 3; cf. Suri v. State, 937 So.2d 216, 219 (Fla. 3d DCA 2006) (deferring to trial court’s conclusion that prospective juror, who was challenged for cause, “did not hesitate in her nonverbal communication”).
The other point concerns two other jurors who were excused by the court for cause on the state’s motion. Even assuming that the defendant can be heard to raise the issue, Dunaway v. State, 90 Fla. 142, 143, 105 So. 816, 816 (1925) (“As a matter of right, defendant was entitled to no particular jury or jurors to try his case. He was entitled to a fair and impartial jury, and it is not claimed or intimated that the jury finally selected and sworn and by whom defendant was tried was not all that the law required.”); Chavers v. State, 827 So.2d 279 (Fla. 4th DCA 2002), review denied, 842 So.2d 843 (Fla.2003); O’Quendo v. State, 823 So.2d 834 (Fla. 5th DCA 2002) (citing Piccott v. State, 116 So.2d 626, 627 (Fla.1959), appeal dismissed and cert. denied, 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83 (1960)), the record shows that each was justifiably excused for cause: one of the jurors because he doubted his ability to be fair as a result of his having been unjustifiably accused by the police in the past, see Lebron v. State, 799 So.2d 997, 1014-15 (Fla.2001) (“The State, as well as the defendant, is entitled to an impartial jury.”) (citing Peteet v. State, 631 S.W.2d 816, 817 (Tex.App.1982)), cert. denied, 535 U.S. 1036, 122 S.Ct. 1794, 152 L.Ed.2d 652 (2002); Still v. State, 917 So.2d 250 (Fla. 3d DCA 2005); Ruland v. State, 614 So.2d 537, 538 (Fla. 3d DCA 1993), review denied, 626 So.2d 207 (Fla.1993), and the other because she was familiar with the defendant himself. See Busby v. State, 894 So.2d 88 (Fla.2004), cert. denied, — U.S. -, 125 S.Ct. 2976, 162 L.Ed.2d 906 (2005); Moore v. State, 939 So.2d 1116 (Fla. 3d DCA 2006); Henry v. State, 586 So.2d 1335 (Fla. 3d DCA 1991).
Affirmed.