431 So.2d 1031 (1983)
Randal Arthur MEADE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1869.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied June 15, 1983.
Richard L. Jorandby, Public Defender, Anthony Calvello, Asst. Public Defender, and Albert Jackson, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Debra Mann, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a judgment of manslaughter and sentence of fifteen years. We reverse and remand for new trial.
During closing argument, the prosecutor stated: "There, ladies and gentlemen, is a man who forgot the fifth commandment, which was codified in the laws of the State of Florida against murder: Thou shalt not kill." Attorney for appellant objected during a recess that followed the prosecution's statement and moved for mistrial. The court acknowledged prosecution had made "an unwise choice of phrases" but denied the motion and did not rebuke the prosecutor.
That the objection did not come immediately following the utterance is not fatal, as *1032 is shown in Grant v. State, 194 So.2d 612 (Fla. 1967):
The questioned remarks were not objected to when made. At the conclusion of the final arguments the record shows the following occurrence:
"After said recess the arguments of counsel commenced. After the argument for the State, the following proceedings were had:
By Mr. Drury:
Comes now the defendant, by his undersigned attorney, at the end of the State Attorney's closing argument and moves this Court to enter an Order directing a mistrial in this cause and as grounds therefor alleges: That in the final remarks of the State attorney's final argument, the State attorney made a statement to the jury to the effect, `Do you want to give this man less than first degree murder and the electric chair and have him get out and come back and kill somebody, maybe you.' That this remark is so prejudicial to the Defendant that the same could not be cured by any instruction of the Court.
By the Court:
The motion is denied."
This fact, however, does not prevent appellate review. In Pait v. State (Fla. 1959), 112 So.2d 380, 385, the following language appears:
"* * * However, when an improper remark to the jury can be said to be so prejudicial to the rights of an accused that neither rebuke nor retraction could eradicate its evil influence, then it may be considered as ground for reversal despite the absence of an objection below, or even in the presence of a rebuke by the trial judge. Florida Appellate Rules 3.7(i) and 6.11, subd. a, 31 F.S.A. Cooper v. State, 136 Fla. 23, 186 So. 230; McCall v. State, 120 Fla. 707, 163 So. 38; Simmons v. State, 139 Fla. 645, 190 So. 756; Carlile v. State, supra [129 Fla. 860, 176 So. 862]."
See also Singer v. State, (Fla. 1959), 109 So.2d 7.
194 So.2d 612, 613 n. 1. In the instant case, objection was made, albeit a bit tardily. Appellant's attorney explained the tardiness on the ground that he wished to avoid focusing the jury's attention on the prosecutor's statement.
The cited remark needs to be looked at in context. Immediately preceding the quoted sentence, to which the objection was raised and to which appeal is addressed, the prosecutor said "And Randal Meade, Randal Meade, ladies and gentlemen, sits here today and I submit to you under the weight of all the evidence there, ladies and gentlemen, is a real live murderer." The paragraph immediately following the sentence cited by appellant states in part: "Ladies and gentlemen, here's one person, Richard Treece (the victim). Here's one person who did not get his day in court. Randal Meade has. I submit to you he is guilty as charged of murder two. There's no justification, no excuse."
ABA Standards for Criminal Justice 3-5.8 (1980) describes the limits on prosecutor's argument to the jury. In pertinent part it states:
It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw... . The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury... . The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law... . It is the responsibility of the court to ensure that final argument to the jury is kept within proper, accepted bounds.
Id. The prosecutor here crossed the line on all of the standards applicable to him in the above quotation, and the court should have firmly rebuked him. In Washington v. State, 86 Fla. 533, 98 So. 605 (1923), the Florida Supreme Court admonished prosecutors that:
Any attempt to pervert or misstate the evidence or to influence the jury by the *1033 statement of facts or conditions not supported by the evidence should be rebuked by the trial court, and, if by such misconduct a verdict was influenced, a new trial should be granted.
Id. at 543, 98 So. 605, 609. In Stewart v. State, 51 So.2d 494 (Fla. 1951), the Florida Supreme Court emphasized the duty of the trial court to restrain and rebuke counsel when improper argument is raised.
Appellee cites Paramore v. State, 229 So.2d 855 (Fla. 1969), as authority to show that reading of passages from the Bible and making reference to principles of divine law as illustrations are not proscribed. How far the facts in Paramore parallel those in the instant case is not clear. However, it is clear that the State in the present case did not confine itself to quoting the Bible or referring to principles of divine law. The excess appellant points out here is that by identifying the Florida statute on murder with the Fifth Commandment, the State could have conveyed to the jury that all killing is against the law, when in fact under certain circumstances killing is excused. The remarks preceding and following the sentence singled out by appellant seem intended to inflame the jury and to appeal to its sympathy for decedent and his kin.
It is unlikely that a precise parallel to the offending comment here can be found, although a prosecutorial statement that comes close to the statement to which objection was made here occurs in Harper v. State, 411 So.2d 235 (Fla. 3d DCA 1982):
In the Bible it says to take a life is to take mankind and to save a life is to save mankind and all [Harper] did was kill a wino and he is sorry and so is [Smith's] wife and three children. They are sorry too.
Id. at 236. The Harper court found this appeal for jury sympathy prejudicial: "It is the responsibility of the prosecutor to seek justice, not merely to convict. That responsibility will be more nearly met when the jury is permitted to reach a verdict on the merits without counsel indulging in appeals to sympathy, bias, passion or prejudice." Id. at 237.
As to the judge's responsibility, the Harper court cited to Blanco v. State, 150 Fla. 98, 7 So.2d 333 (1942), which in turn quoted from Deas v. State, 119 Fla. 839, 161 So. 729 (1935), as follows:
When it is made to appear that a prosecuting officer has overstepped the bounds of that propriety and fairness which should characterize the conduct of a state's counsel in the prosecution of a criminal case, or where a prosecuting attorney's argument to the jury is undignified and intemperate, and contains aspersions, improper insinuations, and assertions of matters not in evidence, or consists of an appeal to prejudice or sympathy calculated to unduly influence a trial jury, the trial judge should not only sustain an objection at the time to such improper conduct when objection is offered, but should so affirmatively rebuke the offending prosecuting officer as to impress upon the jury the gross impropriety of being influenced by improper arguments. (e.s.)
411 So.2d 235, 237.
Finally, as stated by Mr. Justice Thornal in Pait v. State, 112 So.2d 380, 385 (Fla. 1959): "[I]n a case of this kind the only safe rule appears to be that unless this court can determine from the record that the conduct or improper remarks of the prosecutor did not prejudice the accused the judgment must be reversed."
We have examined appellant's further arguments and find them to be without merit.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.