588 So.2d 972 (1991)
Kenneth Allen STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 75337.
Supreme Court of Florida.
September 12, 1991.
Rehearing Denied December 2, 1991.
James Marion Moorman, Public Defender and Douglas S. Connor, Asst. Public Defender, *973 Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Following remand for written findings supporting the death penalty and written reasons for departure, Stewart appeals his sentences of death for first-degree murder and life for armed robbery. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the death penalty and reverse the life sentence.
The facts of this case are set out fully in Stewart v. State, 549 So.2d 171 (Fla. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3294, 111 L.Ed.2d 802 (1990). Stewart shot two persons who gave him a ride hitchhiking. He stole their car, took items therefrom, and set it on fire. One victim died. Stewart was convicted of first-degree murder, attempted second-degree murder with a firearm, robbery with a firearm, and arson. The trial judge, following the jury's ten-to-two recommendation, sentenced him to death on the murder charge, imposed two consecutive fifteen-year sentences for the attempted second-degree murder and arson convictions, and, departing from the sentencing guidelines, imposed a life sentence for the armed robbery.
On direct appeal, we affirmed the convictions and the two fifteen-year sentences. We temporarily remanded on the death sentence so the trial court could provide written findings supporting its sentence.[1] Because the trial court failed to give written reasons for departure on the armed robbery conviction, we vacated the life sentence and remanded for resentencing on that charge. On remand, the court made written findings supporting the death sentence, finding two aggravating circumstances[2] and four mitigating.[3] The trial court also reimposed the life sentence, giving three written reasons for departure.[4]
Following remand, Stewart raises a number of issues concerning the death sentence that can be disposed of briefly. He first claims that it was double-dipping for the trial court to use robbery as an aggravator when the same robbery served as the basis for the felony murder conviction. We have rejected this argument many times. See, e.g., Menendez v. State, 419 So.2d 312 (Fla. 1982). His argument that life must be imposed in every case where the trial court fails to give written reasons supporting the death penalty has already been rejected on direct appeal. See Stewart, 549 So.2d at 176-77. Stewart's claim that the trial court should have granted a continuance on remand so he could present character witnesses is without merit. We remanded for written findings only, not an evidentiary hearing.
Stewart's claim that the trial court's findings do not support the aggravating circumstance of commission during the course of a robbery is without merit. The defendant shot the victims to steal their belongings. He was convicted of armed robbery. *974 Stewart next argues that the sentencing order fails to mention all mitigating evidence concerning Stewart's abused childhood. While the order may not mention every incident of abuse that Stewart suffered, we are convinced that it substantially covers his traumatic childhood and find no error.
Finally, as to the life sentence for the armed robbery, Stewart claims that the sentence is invalid because where a trial court fails to give written reasons for departure, no departure is permitted on remand. We agree, per our recent decision in Pope v. State, 561 So.2d 554 (Fla. 1990).
Accordingly, we affirm the death sentence. We reverse the life sentence and remand for imposition of a guidelines sentence on the armed robbery conviction.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
BARKETT, Judge, concurring in part, dissenting in part.
I agree that a guidelines sentence must be imposed for the armed robbery conviction. However, I also would impose a life sentence for the murder conviction in accordance with the dictates of section 921.141(3), Florida Statutes (1985), and for all the reasons set forth in my dissenting opinion in Stewart v. State, 549 So.2d 171, 177-78 (Fla. 1989) (Barkett, J., dissenting), cert. denied, ___ U.S. ___, 110 S.Ct. 3294, 111 L.Ed.2d 802 (1990).
KOGAN, J., concurs.
NOTES
[1] On direct appeal we ruled:

Prior to, or contemporaneously with, orally pronouncing a death sentence, courts now are required to prepare a written order which must be filed concurrent with the pronouncement. Should a trial court fail to provide timely written findings in a sentencing proceeding taking place after our decision in Grossman [v. State, 525 So.2d 833 (Fla. 1988)], we are compelled to remand for imposition of a life sentence. Because Stewart's sentencing occurred prior to Grossman and because the trial court followed the jury recommendation of death and dictated its findings into the record, we remand for written findings.
Stewart v. State, 549 So.2d 171, 176-77 (Fla. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3294, 111 L.Ed.2d 802 (1990) (citation omitted).
[2] The court found that Stewart had previously been convicted of a violent felony and that the present murder had been committed during a robbery. See § 921.141(5), Fla. Stat. (1989).
[3] The court found as mitigating circumstances: extreme disturbance, impaired capacity, age, see section 921.141(6), Florida Statutes (1989), and childhood trauma. The court accorded these factors little weight.
[4] The trial court found that the armed robbery was committed during a crime spree, that Stewart is unamenable to rehabilitation, and that he had committed a second first-degree murder.