PER CURIAM.
The appellant, Ezra Ladon Naylor, was convicted of first degree murder, as charged, after a jury trial and sentenced to life imprisonment without the possibility of parole. He appeals and raises two issues.
Naylor first asserts that the trial court erred by admitting into evidence, over his objection, enlarged (i.e. 20 X 30) photographs of the fatal head wounds sustained by the victim during the testimony of the medical examiner. Naylor does not contend that the photographs themselves failed to meet the relevancy requirement or that they were otherwise too graphic. Rather, he merely asserts that the admission of these photographs, in their enlarged state, was prejudicial error. We disagree.
The admissibility of photographic evidence rests within the sound discretion of the trial court. See e.g., King v. State, 623 So.2d 486, 488 (Fla.1993); Thompson v. State, 565 So.2d 1311, 1314-15 (Fla. 1990); Engle v. State, 438 So.2d 803, 809 (Fla.1983). Absent a clear showing of an abuse of discretion, a trial court’s ruling on the admissibility of such evidence will not be disturbed on appeal. See Allstate Ins. Co. v. Kidwell, 746 So.2d 1129 (Fla. 4th DCA 1999) (stating that “[i]t is well-established that the admissibility of photographic evidence is within the broad discretion of the trial court and its ruling will not be disturbed absent a showing of abuse of discretion.”); Johnson v. State, 355 So.2d 143, 145 (Fla. 3d DCA 1978) (holding that “a ruling as to the admissibility of such photographs will not be disturbed in absence of a showing that the admission thereof constituted an abuse of discretion under the circumstances.”) (citations omitted). In this case, the trial court permitted the enlarged photographs to be shown to the jury during the medical examiner’s testimony in lieu of having these same photographs in smaller sizes be passed around amongst the jurors during the testimony. We cannot find this to be an abuse of discretion, particularly given the fact that these photographs were relevant, not made a feature of this trial, and that there was other overwhelming evidence presented as to Naylor’s guilt.
Naylor next asserts that the trial court erred by allowing testimony about two guns which were found in the car borrowed by him and driven by his co-defendant. We note, however, that this issue was not preserved for our appellate review where there was no contemporaneous objection made to the admissibility of this evidence at the time of its introduction during the trial. See Maharaj v. State, 597 So.2d 786, 790 (Fla.1992).
Therefore, for the foregoing reasons, the appellant’s conviction and sentence is affirmed.
Affirmed.