880 So.2d 529 (2004)
Kenneth Allen STEWART, Petitioner,
v.
James V. CROSBY, Jr., etc., Respondent.
No. SC02-2716.
Supreme Court of Florida.
May 13, 2004.
Rehearing Denied August 10, 2004.
*530 Daphney E. Gaylord, Assistant CCRC and Robert T. Strain, Assistant CCRC, Capital Collateral Regional CounselMiddle Region, Tampa, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Carol M. Dittmar, Senior Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
Kenneth Stewart petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. Stewart was convicted of first-degree felony murder, attempted second-degree murder with a firearm, robbery with a firearm, and arson. The trial court imposed a death sentence, which this Court affirmed on direct appeal. Stewart v. State, 588 So.2d 972 (Fla.1991). The facts and procedural history of this case are set out fully in Stewart v. State, 801 So.2d 59 (Fla.2001), where this Court affirmed the trial court's denial of Stewart's motion for postconviction relief pursuant to Florida Rule *531 of Criminal Procedure 3.850. Stewart has now filed with this Court a petition for a writ of habeas corpus which raises three claims.[1] We deny Stewart's petition for a writ of habeas corpus.
Stewart first argues that Florida's capital sentencing scheme violates the United States Constitution under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This Court has previously addressed and rejected this claim. See Jones v. State, 845 So.2d 55 (Fla.2003); Bottoson v. Moore, 833 So.2d 693 (Fla.), cert. denied, 537 U.S. 1070, 123 S.Ct. 662, 154 L.Ed.2d 564 (2002); King v. Moore, 831 So.2d 143 (Fla.), cert. denied, 537 U.S. 1067, 123 S.Ct. 657, 154 L.Ed.2d 556 (2002). Further, one of the aggravating circumstances in this case was that Stewart had been convicted of a prior violent felony. The prior violent felony aggravator alone satisfies the mandates of the United States Constitution; therefore, imposition of the death penalty was constitutional. See Lugo v. State, 845 So.2d 74, 119 n. 79 (Fla.), cert. denied, ___ U.S. ___, 124 S.Ct. 320, 157 L.Ed.2d 216 (2003). Stewart is not entitled to relief on this claim.
Stewart's remaining claims present issues that lack merit or are procedurally barred because they were raised or properly could have been raised in a Florida Rule of Criminal Procedure 3.850 motion. In his first two subclaims, Stewart asserts that appellate counsel was ineffective in failing to raise on direct appeal trial counsel's ineffectiveness with respect to possible mitigation and a voluntary intoxication defense. In these claims, Stewart presents a procedural variant of claims which this Court addressed and rejected in Stewart's rule 3.850 motion. It is improper to argue in a habeas petition a variant to a claim previously decided. Porter v. Crosby, 840 So.2d 981, 984 (Fla.2003). Stewart is not entitled to relief on these claims.
Stewart's third subclaim, challenging the competency hearing, presents no argument or factual grounds to support the claim; therefore, it is dismissed as insufficiently pled. See Shere v. State, 742 So.2d 215, 218 n. 6 (Fla.1999).
Stewart's subclaim regarding his incompetence to proceed at all material stages during trial lacks support in the record on direct appeal. Appellate counsel may raise a claim of ineffective assistance of trial counsel only where the ineffectiveness is apparent on the face of the record. Gore v. State, 784 So.2d 418, 437-38 (Fla.2001). Stewart is not entitled to relief on this subclaim.
In his final claim, Stewart asserts that appellate counsel was ineffective in failing to raise on direct appeal the issue of trial counsel's concession of guilt. Appellate counsel is not ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal because such claims are more effectively raised in a motion for postconviction relief under rule 3.850. See Grubbs v. Singletary, 120 F.3d 1174, 1177 (11th Cir.1997) (citing Blanco v. *532 Wainwright, 507 So.2d 1377, 1384 (Fla.1987)).[2] The claim is procedurally barred.
Because all of Stewart's claims are either without merit or procedurally barred, we deny the petition for writ of habeas corpus.
It is so ordered.
WELLS, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs specially with an opinion.
CANTERO, J., concurs specially with an opinion, in which WELLS, J., concurs.
ANSTEAD, C.J., concurs in result only.
QUINCE, J., recused.
PARIENTE, J., specially concurring.
I concur in the majority opinion and write only to expand on the reasoning contained therein. With regard to Issue 1, because of the presence of the prior violent felony aggravator, I agree that in accordance with our precedent Stewart is not entitled to relief under Ring. See Jones v. State, 855 So.2d 611, 619 (Fla.2003).
With regard to Issue 2, in three of the four subclaims Stewart argues that his appellate counsel was ineffective for not raising trial counsel's ineffectiveness on direct appeal. I agree that these claims are meritless. Ineffective assistance of counsel claims generally are not cognizable on direct appeal unless trial counsel's ineffectiveness is apparent on the face of the record. See Gore v. State, 784 So.2d 418, 437-38 (Fla.2001). As to subclaims one and two, trial counsel's failure to present mitigation and trial counsel's failure to pursue a voluntary mitigation defense, we have already expressly rejected these exact claims in Stewart's appeal from the denial of 3.850 relief. See Stewart v. State, 801 So.2d 59 (Fla.2001).[3] Thus, trial counsel's ineffectiveness could not have been apparent from the face of the record because, simply put, trial counsel was not ineffective. As to the fourth subclaim, in which Stewart asserts that appellate counsel should have argued trial counsel's ineffectiveness in failing to raise Stewart's competency to proceed, similarly, no showing of incompetency affirmatively appears in the trial record. Thus, because claims of trial counsel's ineffectiveness would have been unsuccessful on direct appeal, appellate counsel cannot be ineffective for failing to raise these meritless issues. Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000).
Finally, as to Issue 3, whether appellate counsel was ineffective for failing to raise on direct appeal that trial counsel's concession of Stewart's guilt to second-degree murder or manslaughter violated his constitutional rights, in this case there was no concession of guilt to first-degree murder. Thus, this case is distinguishable from Nixon v. Singletary, 758 So.2d 618, 630 (Fla.2000), in which counsel conceded guilt *533 to all charges and merely argued for leniency at the penalty phase. Thus, trial counsel's concession of Griffin's guilt to the lesser offenses was proper trial strategy here. See Griffin v. State, 866 So.2d 1, 6 (Fla.2003) (concluding that conceding guilt to a lesser offense is counsel's strategy that may bind a client even when done without consultation); Atwater v. State, 788 So.2d 223, 231 (Fla.2001) (even if defendant did not consent to defense counsel's strategy to concede guilt to a lesser crime such concession was legitimate trial strategy in attempt to save defendant's life, and was necessary in light of overwhelming evidence of guilt).
Moreover, any concession of guilt to any offense would not have violated Stewart's Sixth Amendment rights unless Stewart did not consent to counsel's strategy. See Nixon II, 758 So.2d at 625; Nixon v. State, 857 So.2d 172, 176 (Fla.2003) (Nixon III) ("[T]he record must contain substantial evidence .... that affirmatively shows that [the defendant] affirmatively, explicitly agreed to counsel's strategy."). Because the determination whether competent, substantial evidence exists to establish that Nixon expressly and affirmatively consented to counsel's strategy requires an evidentiary hearing, this issue should have been raised as an ineffective assistance of trial counsel claim in Stewart's 3.850 motion. Accordingly, it is now procedurally barred.
For the foregoing reasons, I concur in the majority opinion in this case.
CANTERO, J., specially concurring.
I concur in the majority opinion except that, regarding Stewart's claim that Florida's capital sentencing scheme violates Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), I would simply hold, in accordance with my specially concurring opinion in Windom v. State, Nos. SC01-2706 & SC02-2142, ___ So.2d ___, 2004 WL 1057640 (Fla. May 6, 2004), that under both federal and Florida law, Ring does not apply to convictions that had become final before that opinion was rendered.
WELLS, J., concurs.
NOTES
[1] In this petition, Stewart alleges: (1) Florida's death penalty statute is unconstitutional under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) appellate counsel was ineffective in failing to raise on direct appeal four meritorious issues relating to trial counsel's ineffectiveness and other errors at trial; and (3) appellate counsel was ineffective for failing to raise on direct appeal the issue of trial counsel's concession of Stewart's guilt.
[2] Indeed, Stewart raised twenty-six claims of ineffective assistance of trial counsel in both the guilt and penalty phases of the trial in his Florida Rule of Criminal Procedure 3.850 motion. Each claim was denied by the trial court. We affirmed this denial in Stewart v. State, 801 So.2d 59 (Fla.2001).
[3] With respect to Stewart's claim that trial counsel failed to investigate evidence of Stewart's alleged childhood abuse as possible mitigation, this Court concluded that "the investigation and presentation of mitigating evidence in this case was well within the realm of constitutionally adequate assistance of counsel." Stewart, 801 So.2d at 68. With respect to Stewart's claim that trial counsel was ineffective in failing to employ a voluntary intoxication defense, this Court concluded that "counsel made an informed and reasoned decision not to pursue a voluntary intoxication defense." Id. at 65.