PARIENTE, J.,
specially concurring.
I concur in the affirmance of the convictions. I write only to express my concern with two of the prosecutor’s closing arguments.
The first argument I consider objectionable is the prosecutor’s argument that a recommendation of life imprisonment would be to “take the easy way out.” This argument implies that any sentence less than death is impermissible and would be an abdication of the jury’s responsibility. While the argument in this case is not as egregious as the one we condemned in Urbin v. State, 714 So.2d 411, 421 (Fla. 1998), the argument is still one prosecutors should avoid.
A jury’s recommendation of life is not the “easy way out.” To the contrary, as we have now made absolutely clear by our newly adopted Standard Jury Instructions, a jury is never obligated or required to recommend death under the law in this state. See Fla. Std. Jury Instr. (Crim.) 7.11 (Penalty Proceedings — Capital Cases); see also In re Standard Jury Instructions in Criminal Cases — Report No. 2005-2, 22 So.3d 17, 22 (Fla.2009) (adopting the “amendment stating that the jury is ‘neither compelled nor required to recommend death’ ”).
As to the second objectionable argument, the prosecutor made an emotional and inflammatory appeal to the jurors by stating, “When you are done I ask you to walk out not into the darkness of greed, into the terror of the night in the back of the trunk but into the light of justice.” Because the victims in this case were both bound and placed into a trunk, this argument impermissibly invited the jury to place themselves in the victims’ place — in the trunk. Regardless of whether or not the argument is considered an impermissible “golden rule” argument, as the majority points out, it is improper because it is a “blatant appeal to the jurors’ emotions.”
This type of argument simply should have no place in a prosecutor’s closing arguments — especially in a capital case. Death penalty cases, by the very nature of the crimes involved, have the potential to arouse emotions and passions. As officers of the court, prosecutors must ensure, to the extent possible, a dispassionate and objective jury deliberation process. Prosecutors have an obligation not to inject “elements of emotion and fear into the jury’s deliberations.” Urbin, 714 So.2d at 419 (quoting King v. State, 623 So.2d 486, 488 (Fla.1993)). As has been repeatedly stated:
*881 Although prosecutors have an awesome responsibility and the facts of the crime often inspire righteous indignation, they are also officers of the court who have duties to both “refrain from improper methods calculated to produce a -wrongful conviction” and “to use every legitimate means to bring about a just one.”
Salazar v. State, 991 So.2d 364, 383 (Fla. 2008) (quoting Gore v. State, 719 So.2d 1197, 1202 (Fla.1998)), cert. denied, — U.S.-, 129 S.Ct. 1347, 173 L.Ed.2d 614 (2009).
While no reversible error occurred in this case, I once again urge prosecutors to remember to exercise caution in closing argument and to not cross the line from zealous advocacy to impermissible emotional and inflammatory arguments.
QUINCE, C.J., and LABARGA, and PERRY, JJ., concur.