ROTHENBERG, J.
 

 In 1999, Ezra Naylor (“the defendant”) was convicted of the first-degree murder of Shawn Duncombe (“the victim”), and sentenced to life imprisonment. The defendant appeals the trial court’s summary denial of his 2009 motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
 

 In his motion, the defendant claims he is entitled to a new trial on the basis of newly discovered evidence. The newly discovered evidence is a 1997 statement allegedly made by the now-deceased victim to a fellow inmate, that Jacqueline Mesi-dor, the arresting officer in this case, “had [the victim’s] back with other polices [sic] and dealers.” Such a claim is subject to a two-prong test: (1) the evidence must have been unknown at the time of trial (and it must appear incapable of being known by the use of due diligence) by the defendant, defense counsel and the trial court; and (2)the evidence must be of such nature that it would probably produce an acquittal on retrial.
 
 Jones v. State,
 
 709 So.2d 512, 521 (Fla.1998).
 

 We conclude that the first prong of the test has been satisfied. As to the second prong, the trial court found that the “newly discovered evidence” was inadmissible, and thus was not of such a nature that it would probably produce an acquittal on retrial. We review this ruling for an abuse of discretion.
 
 Carpenter v. State,
 
 785 So.2d 1182, 1201 (Fla.2001).
 

 The trial court found that the victim’s alleged statement was inadmissible as an exception to the hearsay rule because it did not tend to expose the declar-ant-victim to criminal liability. We agree.
 
 See
 
 § 90.804(2)(c), Fla. Stat. (2010) (providing exception to hearsay rule where the unavailable declarant’s statement is made against his or her pecuniary, proprietary, or penal interest);
 
 Perez v. State,
 
 980 So.2d 1126, 1183 (Fla. 3d DCA 2008) (“Non-self-incriminatory statements, even if they are made within a broader narrative that is generally self-inculpatory, are not admissible.”). Because the victim’s alleged statement does not fall within any of the exceptions to the hearsay rule, we conclude that the trial court did not abuse its discretion in determining that the offered statement was inadmissible. Thus, the defendant’s motion was properly denied.
 

 Finally, we note that a prior panel reviewing the evidence in this case found that there was “overwhelming evidence presented as to Naylor’s guilt.”
 
 Naylor v. State,
 
 748 So.2d 385, 386 (Fla. 3d DCA 2000). This evidence included the accounts of two independent eyewitnesses that bolstered Officer Mesidor’s account of the events surrounding the victim’s murder. Accordingly, the defendant failed to meet his burden of establishing that consideration of the inmate’s statement would “probably produce an acquittal on retrial.”
 
 Jones,
 
 709 So.2d at 521. Therefore, we affirm the trial court’s order denying post-conviction relief on the basis of newly discovered evidence.
 

 Affirmed.