CANADY, J.,
dissenting.
Because I agree with the Third District Court of Appeal’s conclusion that there was no manifest error in the trial court’s determination that the challenged juror was qualified to serve, I dissent. I would approve the decision on review and disapprove the decision of the Fourth District Court of Appeal in Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996).
Having tipped its hat to the “manifest error” standard of review, majority op. at 484, the majority effectively ignores our recognition “that the trial court has a unique vantage point in the determination of juror bias,” Smith v. State, 699 So.2d 629, 635 (Fla.1997). The majority likewise fails to heed the statutory framework established in section 913.03(10), Florida Statutes (2009), which requires the trial court to assess the prospective juror’s “state of mind” and recognizes that a juror’s expression of bias may be credibly recanted. The majority substitutes its own categorical judgment concerning the credibility of a class of prospective jurors for the individualized judgment made by the trial court who presided over the voir dire. And at the same time, the majority displaces the legislative judgment reflected in section 913.03(10) concerning the rehabilitation of prospective jurors. In this one decision, the majority thus distorts the allocation of responsibility between trial and appellate courts and violates the separation of powers between the legislative and judicial branches.
As the United States Supreme Court has stated, “the question whether a venireman is biased has traditionally been determined through voir dire culminating in a finding by the trial judge concerning the venireman’s state of mind” — “a finding [which] is based upon determinations of demeanor and credibility that are peculiarly within the trial judge’s province.” Wainwright v. Witt, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). In line with this point, we have recognized that the manifest error standard of review applies because the “trial court is able to see the jurors’ voir dire responses and make observations which simply cannot be discerned from an appellate record.” Smith, 699 So.2d at 635-36 (citing Taylor v. State, 638 So.2d 30, 32 (Fla.1994)).
*493 Section 913.08(10) points to the fundamental role of the trial court in assessing the credibility of declarations made by prospective jurors in voir dire to determine whether a “juror has a state of mind” “that will prevent the juror from acting with impartiality.” The statute provides that a prospective juror’s “formation of an opinion or impression” that is biased does not warrant disqualification of the juror if the juror “declares and the court determines” that the juror “can render an impartial verdict according to the evidence.” § 918.03(10), Fla. Stat.; see also Busby v. State, 894 So.2d 88, 98-99 (Fla.2004) (recognizing that section 913.03(10) outlines the grounds that support excusing jurors for cause based upon bias).
In derogation of both section 913.03 and our case law recognizing the manifest error standard of review and the role of trial courts in making credibility determinations, the majority makes the unprecedented declaration that there is a class of prospective jurors with “immutable opinions and attitudes that arise from personal life experiences and firmly held beliefs.” Majority op. at 486 (emphasis added); see also concurring op. (Labarga, J.) at 1 (“[W]here a juror’s expressed reservations about his or her ability to be fair and impartial arise from the juror’s personal experience, true ‘rehabilitation’ of that juror is not possible.”). For this class of prospective jurors, the majority concludes that it is the “biases and beliefs that define [the] prospective juror.” Majority op. at 486-87 (emphasis added). With all due respect to the majority, this branding of certain jurors based on their “life experiences” is wholly unjustified. Most human beings possess the capacity to overcome bad experiences and the ability to cast aside opinions and attitudes that — upon reflection — are shown to be irrational or unwarranted. No matter what their prior experiences, ordinarily human beings can learn and they can change. The majority’s failure to recognize the human capacity for rational reflection — even after a painful life experience — flies in the face of human experience.
Here, the majority, based on its categorical “immutable opinions” rule, discredits the juror’s unequivocal recantation of her prior expression of bias — a recantation that the trial court expressly credited. The majority’s view is summed up in the question it poses: “Which statements do we trust?” Majority op. at 490. By framing the issue in that manner, the majority demonstrates just how far it has departed from the established framework for determining whether a juror should be disqualified for bias. The proper question is not whether “we” trust certain statements. Our law recognizes that the trial court must make determinations of credibility and that “[i]f there is competent record support for the trial court’s conclusions regarding rehabilitation, then the appellate courts of this state will not reverse the determination on appeal based on a cold record.” Johnson v. State, 660 So.2d 637, 644 (Fla.1995).
The majority’s decision works a fundamental alteration of the established structure for the disqualification of jurors for bias. This change in the law — which disregards section 913.03(10) — has far-reaching implications and is radically flawed.
POLSTON, C.J., concurs.