PER CURIAM. We have for review Kenneth Allen Stewart’s appeal of the circuit court’s order denying Stewart’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Stewart’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Stewart’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. —, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). After this Court decided Hitchcock, Stewart responded tu this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case.’ After reviewing Stewart’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Stewart is not entitled to relief. Stewart was sentenced to death following a jury’s recommendation for death by a vote of ten to two. Stewart v. State, 588 So.2d 972, 973 (Fla. 1991); Stewart v. State, 549 So.2d 171, 172 (Fla. 1989), His sentence of death became final in 1992. Stewart v. Florida, 503 U.S. 976, 112 S.Ct. 1599, 118 L.Ed.2d 313 (1992). Thus, Hurst does not apply retroactively to Stewart’s seiitence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Stewart’s motion. The Court having, carefully considered all arguments raised by Stewart, we caution that any rehearing motion containing reargument will be stricken. It is so ordered. LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur. ,PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, J., recused.